# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6078 | **DATE** | 7/10/2001 |
| **CASE TITLE** | US vs. Robert R. Krilich, Sr. (94 CR 419-1) | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] **ENTER MEMORANDUM OPINION:** Robert R. Krilich's two motions (Docs 24-1 and 28-1) for certificates of appealability and his Rule 60(b) motion for relief from judgment are denied. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 11 2001 date docketed | 35 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | CM docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 JUL 10 PM 3: 51 | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
DOCKETED
JUL 1 1 2001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 00 C 6078 |
| vs. | ) | |
| | ) | 94 CR 419-1 |
| ROBERT R. KRILICH, SR., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Robert R. Krilich's (1) motion for a certificate of appealability from our dismissal of his § 2255 motion; (2) motion for a certificate of appealability from our denial of his Rule 59(b) motion to vacate the § 2255 dismissal; and (3) Rule 60(b) motion for relief from the § 2255 dismissal. For the reasons set forth below, we decline to issue the certificates of appealability and deny the Rule 60(b) motion.

### DISCUSSION

**I. Certificates of appealability**

**A. Legal standard**

Pursuant to 28 U.S.C. § 2253(c)(2), no appeal may be taken from the final order in a habeas corpus proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge

26

issues a certificate of appealability. A certificate of appealability under this section may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This rule does not require a petitioner to show that he would prevail on the merits. Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383 (1983). "Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Id. (internal quotations and citations omitted) (brackets in original).

## B. Appeal from denial of § 2255 petition

### 1. Waiver of Fifth Amendment rights

Krilich seeks to appeal this Court's ruling that he was procedurally barred from arguing on habeas that the waiver of his Fifth Amendment right to preclude the admission of his pretrial plea statements was not knowing and voluntary. We concluded that Krilich had raised this issue on direct appeal by arguing that he had never knowingly and voluntarily waived his right, under Federal Rules of Evidence Rule 410 and Federal Rules of Criminal Procedure Rule 11(e)(6), to exclude the pretrial plea statements. Because the Seventh Circuit had applied the constitutional test in assessing the voluntariness of Krilich's waiver, we found no distinction between Krilich's Fifth Amendment and statutory claims. We therefore concluded that Krilich was barred from re-arguing the waiver issue on habeas.

Krilich contends that the Court was wrong in concluding that courts apply the same presumptions and standard of proof when evaluating alleged waivers of the statutory and constitutional rights to exclude evidence of pretrial proffer statements. In support of his argument, Krilich cites the case of United States v. Wenger, 58 F.3d 280, 281-82 (7th Cir. 1995). Wenger draws no clear distinction between statutory and constitutional rights. Rather, the case holds that "the most vital constitutional rights," such as the right to counsel, are more difficult to waive than certain other rights, including the Fourth Amendment right to privacy and "*the right to exclude from evidence [a] proffer made as part of plea negotiations.*" Id. (emphasis added). Wenger therefore fails to support Krilich's position and, as set forth in our April 5, 2001, Memorandum Opinion, the other authority in this circuit is also against him.

Krilich next argues that the Seventh Circuit's finding of waiver is not conclusive on habeas, as the constitutional claim raised in his § 2255 petition is supported by evidence outside the record on appeal. In particular, Krilich claims that his attorney and the Assistant United States Attorney with whom he negotiated the proffer agreement misled him regarding the circumstances under which the Government would seek admission of his proffer statements if the case ultimately proceeded to trial. These facts, even if true, do not bear significantly on the question of whether Krilich knowingly and voluntarily waived certain rights by signing the proffer agreement. Thus Krilich has

failed to demonstrate a good reason for this Court to reexamine the Seventh Circuit's ruling that his waiver was knowing and voluntary, as the law of the case doctrine requires. See United States v. Taglia, 922 F.2d 413, 418 (7th Cir. 1991) (habeas petitioner faces "uphill battle" in persuading district court to reexamine on habeas an issue previously adjudicated in course of direct appeal). We therefore deny the motion for a certificate of appealability with respect to this claim.

**2. Ineffective assistance of pretrial and trial counsel**

Krilich also seeks to appeal the Court's conclusion that he received constitutionally effective assistance from his pretrial and trial attorneys, Jeffrey Steinback, Dennis Berkson, and Harry Samuels. All three attorneys interpreted the terms of Krilich's proffer agreement as permitting Krilich to freely cross-examine government witnesses and present circumstantial evidence of his innocence without triggering admission of his proffer statements. As it turned out, the trial judge disagreed with counsel's interpretation, and the proffer statements were introduced as evidence at trial. Nonetheless, counsel's performance did not fall below an objective standard of reasonableness, as they were merely operating under an assumption that was commonly held among defense attorneys at the time. See Mem. Op. at 18-20. Krilich's counsel did not misinterpret well-settled law, as did the attorneys in the cases Krilich cites in support of his most recent motion; they merely failed to predict the direction in which the law

would develop. Reasonable jurists could not conclude differently, and we deny the certificate of appealability as to the question of whether the performance of Krilich's pretrial and trial counsel was constitutionally deficient.

### 3. Right to testify

Krilich finally requests a certificate of appealability on the question of whether his Fifth, Sixth, and Fourteenth Amendment rights were violated when his attorneys allegedly denied him the right to testify in his own behalf following the admission of the proffer statements. As discussed in detail in Part II below, Krilich never raised this issue in his § 2255 motion. While he did mention in a footnote that he had a desire to testify after learning that the proffer statements would be introduced, Krilich never suggested that his attorneys had violated his constitutional rights by preventing him from testifying. As the issue was never raised, the Court never reached it. Accordingly, we decline to issue a certificate of appealability with respect to the purported denial of Krilich's constitutional right to testify in his own behalf.

### C. Appeal from denial of Rule 59(e) motion

Following the dismissal of his § 2255 motion, Krilich filed a Rule 59(e) motion to vacate the dismissal order. In that motion, Krilich argued that the Court had erred in addressing his ineffective assistance of counsel claims before giving him an opportunity to demonstrate why he was entitled to an evidentiary hearing on those claims. In an April

19, 2001, Minute Order, the Court denied the motion on the basis that Krilich had in fact been afforded an opportunity to fully develop the factual and legal bases for his claims prior to the ruling on his § 2255 motion. We added that we had carefully reviewed the Sixth Amendment arguments in Krilich's Rule 59(e) motion and were unconvinced that the prior dismissal of those claims was improvident. Krilich now seeks to appeal the denial of his Rule 59(e) motion.

Krilich filed his habeas petition on October 3, 2000. The nineteen-page petition, styled as a § 2255 motion and memorandum of points and authorities in support thereof, contained detailed factual allegations and legal argument with respect to each of Krilich's Fifth and Sixth Amendment claims. On November 27, 2000, the Government responded to the petition by filing a substantive response as well as a motion to dismiss the petition on procedural grounds. At a January 12, 2001, status hearing, the Court requested that Krilich respond to the Government's motion to dismiss and hold any supplemental filings regarding the Government's substantive arguments until after the procedural questions had been adjudicated. Krilich therefore filed a Brief in Opposition to Procedural Bar in response to the motion to dismiss.

The Court then reviewed all of the parties' submissions and determined that Krilich's Fifth Amendment claims were procedurally barred. We also determined at that time that Krilich had failed in his detailed § 2255 motion and memorandum in support

thereof to raise any issue of material fact with respect to his claims. In making this determination, the Court considered the various categories of evidence that Krilich indicated, in his January 11, 2001, Status Report, that he intended to submit. We concluded that such evidence would not alter our conclusion that Krilich could not state a viable constitutional claim. A § 2255 petitioner is only entitled to an evidentiary hearing if "he alleges facts that, if proven, would entitle him to relief," see Stoia v. United States, 22 F.3d 766, 768 (7th Cir. 1994). Indeed, a court should dismiss a § 2255 motion "without a hearing where [it] plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case the movant is not entitled to relief." Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (quotation marks omitted). Following these principles, we determined that no evidentiary hearing was warranted and proceeded to deny Krilich's Sixth Amendment claims on the merits.

We had occasion to reevaluate this decision when Krilich filed his Rule 59(e) motion to vacate the dismissal order. At that time, the Court again considered and rejected Krilich's claim that he was entitled to an evidentiary hearing on his claims. A review of Krilich's motion for a certificate of appealability leads to the same conclusion. To the extent that Krilich identifies facts which he claims are in dispute, those facts were not material to this Court's decision to dismiss the petition. As such, no evidentiary hearing was warranted.

Furthermore, we are unpersuaded that our decision to adjudicate the merits of the petition without first ordering additional discovery violated the law of the case doctrine. For one thing, that doctrine is no more than a presumption, see Alston v. King, 157 F.3d 1113 (7th Cir. 1998), and "is highly flexible, especially when a judge is being asked to reconsider his own ruling," Pickett v. Prince, 207 F.3d 402, 407 (7th Cir. 2000). Moreover, the Court's declaration of an intention to adopt a particular procedure with respect to the proceedings on Krilich's § 2255 motion was not the type of legal ruling to which we would ordinarily adhere under the law of the case doctrine. There was no reason to proceed with what the Court determined to be a futile collection of live testimony and other evidence, and Krilich cannot make a substantial showing that our refusal to do so violated his constitutional rights. We therefore deny the motion for a certificate of appealability on this issue.

## II. Motion for relief from final judgment

On May 30, 2001, Krilich filed a Rule 60(b) motion for relief from this Court's dismissal of his § 2255 petition. He contends that the § 2255 proceedings should be reopened to permit him to demonstrate that his trial counsel provided him constitutionally ineffective assistance when they prevented him from testifying in sur-rebuttal after his proffer statements were admitted into evidence. The Court lacks jurisdiction to grant Krilich's Rule 60(b) motion outright, because Krilich has filed a notice of appeal from the

very dismissal order he now seeks to vacate. See Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999); see also Kusay v. U.S., 62 F.3d 192, 194 (7th Cir. 1995) and Venen v. Sweet, 758 F.2d 117, 120 n. 2 (3d Cir. 1985) (listing limited exceptions to rule that one court at a time possesses jurisdiction over a case). The Court does, however, retain jurisdiction to deny the motion pending appeal. Boyko, 185 F.3d at 675. Moreover, if we were inclined to grant the motion, or believed an evidentiary hearing was necessary to determine the appropriate outcome, we could so indicate on the record, and Krilich could then seek remand from the Court of Appeals to enable this Court to act on the Rule 60(b) motion. Id. We therefore proceed to address the merits of Krilich's motion.

Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. See McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000). In habeas cases, denial of Rule 60(b) relief is appropriate where a petitioner seeks consideration of an issue that he could have raised in his § 2255 motion but did not. See Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000). Krilich's § 2255 petition asserted a variety of Sixth Amendment ineffective assistance of counsel claims; counsel's alleged refusal to permit Krilich to testify was not among them. The petition did reference Krilich's desire to testify after he learned the proffer would be admitted. However, this point was mentioned only in a footnote and was raised in support of Krilich's claim that the proffer statements were admitted in violation of his Fifth

Amendment privilege against self-incrimination. See § 2255 Motion at 9 n. 3 (citing Fifth Amendment case of Rock v. Arkansas, 483 U.S. 44, 51-53 (1987). Moreover, in his § 2255 petition Krilich blamed the trial judge for his failure to inquire about Krilich's desire to testify following the admission of the proffer statements. At no point in the petition, or in his later Brief in Opposition to Procedural Bar or his Rule 59(e) motion, did he suggest that his attorneys had prevented him from testifying and had violated his Sixth Amendment right to counsel in doing so.

Thus although we agree with Krilich that "this Court, in reviewing (and ultimately denying) his § 2255 Motion, was not afforded the full opportunity to reach th[e] issue" of his attorneys' role in preventing him from testifying at trial, we note that the opportunity was lost because Krilich failed to timely raise the claim. Krilich has identified no exceptional circumstances that would justify this eight-month delay. Although Krilich has argued, in reference to his May 30 motion for extension of time to file a notice of appeal, that he had difficulties accessing his counsel beginning in or around April 2001, this fact does not explain Krilich's failure to address what he describes as "the denial of [a] fundamental constitutional right" in October 2000, when he filed his § 2255 petition. Accordingly, we find no support for Krilich's claim that he is entitled to the extraordinary remedy of Rule 60(b) relief and deny the motion.

## CONCLUSION

For the foregoing reasons, Robert R. Krilich's two motions for certificates of +appealability and his Rule 60(b) motion for relief from judgment are denied.

                                                          *Charles P. Kocoras*
                                                          Charles P. Kocoras
                                                          United States District Judge

Dated:    July 10, 2001